# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DAVID M. YOUNG,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:15-cv-01545-RDP-SGC |
| ) | |
| **WARDEN TAYLOR,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On December 18, 2015, the Magistrate Judge entered a Report and Recommendation (Doc. 6) recommending the petition for writ of habeas corpus filed by Petitioner, David M. Young: (1) be construed as a Motion to Vacate, Amend, or Correct Sentence, pursuant to 28 U.S.C. § 2255; and (2) be dismissed without prejudice for lack of federal subject matter jurisdiction. The Magistrate Judge further recommended denial of a certificate of appealability. (Doc. 6). Petitioner has filed objections (Doc. 7) to the Report and Recommendation, two motions (Docs. 8-9), and a notice (Doc. 10) in the form of a letter to the court.

Petitioner's objections and other arguments do not change the fact that Petitioner is a federal prisoner attempting to challenge his federal conviction. Moreover, Petitioner's arguments that the § 2255(e) savings clause applies—primarily based on the contention that President Nixon fraudulently scheduled marijuana—are unavailing. (*See* Doc. 7). Accordingly, while the instant matter was styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner's only remedy lies in the form of a section 2255 motion. *See Antonelli v. Warden, USP Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). Because Petitioner was convicted in the Southern District of Alabama, this court lacks jurisdiction over his section 2255 claims.

28 U.S.C. § 2255(a); *Partee v. Atty. Gen., Ga.,* 451 F.App'x 856, 858 (11th Cir.2012). Because Petitioner has previously filed a section 2255 motion, it is not necessary to provide him with an opportunity to amend or voluntarily dismiss pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003). For the same reason, and because Petitioner has not provided a certification from the Eleventh Circuit allowing him to bring a second or successive section 2255 motion, transfer to the Southern District of Alabama would be futile.

After careful consideration of the record in this case, including Petitioner's objections, motions, and other filings, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** her recommendation. To the extent that Petitioner's subsequent filings constitute objections, they are **OVERRULED**; to the extent the filings constitute motions, they are **DENIED**. Accordingly, the court finds that (1) this matter is due to be dismissed and (2) a certificate of appealability is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this May 2, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE